CATHERINE A. CONWAY(SBN 98366)
STEPHANIE S. DER (SBN 240576)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:      310-229-1000
Facsimile:      310-229-1001
cconway@akingump.com
sder@akingump.com

Attorneys for Defendant JAMBA JUICE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>                    Plaintiffs,<br><br>          v.<br><br>C.V. CENTER, INC.; JAMBA JUICE, COMPANY dba JAMBA JUICE #603; CASUAL DINING SERVICES, INC. dba PIZZERIA UNO; MERVYN's LLC; STARBUCKS CORPORATION dba STARBUCKS COFFEE #6632; J. C. PENNEY COMPANY, INC. dba J.C. PENNEY #1274; SERLER, INC. dba SUBWAY #31595; MANNA DEVELOPMENT GROUP, LLC dab PANERA BREAD CAFE #4284,<br><br>                    Defendants. | Case No. 08CV471 JAH LSP<br><br>**ANSWER OF DEFENDANT JAMBA JUICE COMPANY TO PLAINTIFF'S COMPLAINT**<br><br>Date:     To Be Set<br>Time:     To Be Set<br>Ctrm:     11<br>Judge:    Hon. John A. Houston |

Defendant JAMBA JUICE COMPANY, erroneously sued as "Jamba Juice Company dba Jamba Juice #603" ("Defendant"), for itself alone and for no other defendant, hereby answers the complaint ("Complaint") filed by Plaintiff Barbara Hubbard ("Plaintiff") as follows:

## I. INTRODUCTION

1.      Paragraph 1 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the store in question is located at 555 Broadway in Chula Visa, California (the "Store").  To the extent a further response is required, Defendant denies all remaining allegations.

2.      In response to Paragraph 2, Defendant admits that Plaintiff purports to seek the relief indicated pursuant to the claims identified in Paragraph 2.  Defendant denies that Plaintiff is entitled to the relief identified in Paragraph 2, or to any relief at all.

## II. JURISDICTION

3.      Paragraph 3 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff seeks to base jurisdiction on the statutes recited in Paragraph 3.

4.      Paragraph 4 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff seeks to base jurisdiction on the statute identified in Paragraph 4, and that he contends that his state law claims arise from the same nucleus of operative facts.

5.      Paragraph 5 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports that the statutes identified in Paragraph 5 authorize his claims.

## III. VENUE

6.      Paragraph 6 consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff purports to base venue on the statute identified in Paragraph 6.

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                    08 CV 0471

## IV. PARTIES

7.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 and, on that basis, denies them.

8.     In response to Paragraph 8, Defendant admits that it is a corporation. The remaining allegations contained in Paragraph 8 are vague, ambiguous and unintelligible, and, on that basis, Defendant denies them.

9.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 and, on that basis, denies them.

10.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 and, on that basis, denies them.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 and, on that basis, denies them.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 and, on that basis, denies them.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 and, on that basis, denies them.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 and, on that basis, denies them.

15.     Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 and, on that basis, denies them.

## V. FACTS

16.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 and, on that basis, denies them.

17.     Defendant admits the allegations in Paragraph 17.

18-26.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraphs 18-26 and, on that basis, denies them.

27.     In response to Paragraph 27, Defendant denies the allegations contained therein.

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                    08 CV 0471

28.     Defendant denies that its goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 28 and, on that basis, denies them.

29-44.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraphs 29-44 and, on that basis, denies them.

45.     In response to Paragraph 45, Defendant denies the allegations contained therein.

46.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 46 related to the generically described "relevant times" and "current condition" and, on that basis, denies the allegations contained therein.

47.     In response to Paragraph 47, Defendant denies the allegations contained therein.

48-102. Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraphs 48-102 and, on that basis, denies them.

## V.     FIFTH CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

103.    In response to Paragraph 103, Defendant incorporates by reference its responses to Paragraphs 1 through 102, inclusive.

104.    Paragraph 104 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite what the ADA holds as a "general rule."

105.    In response to Paragraph 105, Defendant denies the allegations contained therein.

#### Failure to Remove Architectural Barriers in an Existing Facility

106.    Paragraph 106 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.  To the extent a response is required, Defendant further admits that Plaintiff purports to recite the definition of "readily achievable."

3

107.    Paragraph 107 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the "readily achievable" standard.

108.    Paragraph 108 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 108 related to the generically described "architectural barriers" and, on that basis, denies them.

109.    Paragraph 109 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 109.

<u>Failure to Design and Construct an Accessible Facility</u>

110.    Paragraph 110 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that some construction was done to its facilities in Chula Vista, California after January 26, 1992.

111.    Paragraph 111 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.

112.    Paragraph 112 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 112.

<u>Failure to Make an Altered Facility Accessible</u>

113.    Paragraph 113 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information to form a belief as to the allegations in Paragraph 113 related to the generically described "modifi[cations]" and, on that basis, denies them.

114.    Paragraph 114 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite requirements contained in Title III of the ADA.

115.    In response to Paragraph 115, Defendant denies the allegations contained therein.

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                    08 CV 0471

Failure to Modify Existing Policies and Procedures

116.    Paragraph 116 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.

117.    Paragraph 117 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 117.

118.    In response to Paragraph 118, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief sought or any relief whatsoever from Defendant.

119.    In response to Paragraph 119, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 119, or to any relief at all.

## VI.    SIXTH CLAIM

### Disabled Persons Act

120.    In response to Paragraph 120, Defendant incorporates by reference its responses to Paragraphs 1 through 119, inclusive.

121.    Paragraph 121 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California Civil Code section 54.

122.    Paragraph 122 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California Civil Code section 54.1.

123.    Paragraph 123 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite portions of California Civil Code sections 54 and 54.1.

124.    Paragraph 124 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 124.

125.    In response to Paragraph 125, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 125, or to any relief at all.

126.    In response to Paragraph 126, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 126, or to any relief at all.

## VII.    SEVENTH CLAIM

### Unruh Civil Rights Act

127.    In response to Paragraph 127, Defendant incorporates by reference herein its responses to Paragraphs 1 through 126, inclusive.

128.    Paragraph 128 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of the Unruh Civil Rights Act.

129.    Paragraph 129 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of the Unruh Civil Rights Act.

130.    Paragraph 130 consists of a legal statement to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of the Unruh Civil Rights Act.

131.    Paragraph 131 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 131.

132.    Paragraph 132 calls for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 132.

133.    In response to Paragraph 133, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 133, or to any relief at all.

134.    In response to Paragraph 134, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 134, or to any relief at all.

## VIII.    EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

135.    In response to Paragraph 135, Defendant incorporates by reference herein its responses to Paragraphs 1 through 134, inclusive.

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                                          08 CV 0471

136.    Paragraph 136 consists of a legal statement to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of Health and Safety Code section 19955(a).

137.    Paragraph 137 consists of a legal statement to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of Health and Safety Code section 19959.

138.    Paragraph 138 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits, on information and belief, that the Store was constructed, altered or repaired after July 1, 1970, the Store is open to the general public, and that Defendant conducts business in the Store. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 138.

139.    In response to Paragraph 139, Defendant denies the allegations contained therein, and denies that Plaintiff is entitled to the relief identified in Paragraph 139, or to any relief at all.

## PRAYER FOR RELIEF

Defendant denies the averments in Plaintiff's prayer for relief, and denies that Plaintiff or anyone else is entitled to any relief, including that relief stated in the prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times relied in good faith upon, and acted in conformity with, the implementing standards and guidelines of Title III of the

7

Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the relief Plaintiff requests is: (a) not required by law, (b) unreasonable, (c) not readily achievable, (d) structurally infeasible, (e) would impose an undue burden and cause a hardship, and/or (f) may jeopardize the health and safety of customers.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the relief Plaintiff requests would, if granted, fundamentally alter the Store and/or the nature of the goods or services provided by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are moot because Defendant is and/or has been in compliance with the laws, statutes, and regulations identified in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because, in the context of this lawsuit, they are predicated on unconstitutionally vague and/or overly broad interpretations of regulations, and laws or, alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

### EIGHTH AFFIRMATIVE DEFENSE

No act or omission by Defendant was the cause of Plaintiff's damages, if any. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the conduct of persons or entities other than Defendant. Plaintiff's recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

### NINTH AFFIRMATIVE DEFENSE

Any or all of Plaintiff's damages, if any, were contributed to or caused by Plaintiff's lack of

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                                  08 CV 0471

reasonable care, improper conduct or negligence. Therefore, Plaintiff's recovery, if any, must be reduced in proportion to the amount of fault attributable to his actions.

### TENTH AFFIRMATIVE DEFENSE

Although Defendant denies that Plaintiff has been damaged in any way, if it is determined that Plaintiff has been damaged, then pursuant to California Civil Code sections 1431.2, *et seq*., Defendant is not liable for any non-economic damages that are not directly proportional to Defendant's percentage of fault, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to entitle Plaintiff to recover attorneys' fees against Defendant. Defendant's actions, with respect to the subject matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and constituted a privileged, lawful, proper, and justified means to further the sole purpose of Defendant to engage and continue its business.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported claim for relief therein, are vague, uncertain and ambiguous.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of consent, waiver, estoppel, unclean hands, and/or laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of justification and/or excuse.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff has failed to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

If relief is granted, it should be granted prospectively only.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff is entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in applicable federal and state law.

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                    08 CV 0471

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint asserts claims for relief that are duplicative and based upon the same alleged facts, and Plaintiff is precluded from recovering damages on duplicative claims for relief.

### NINETEENTH AFFIRMATIVE DEFENSE

The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported claim for relief therein is barred.

### TWENTIETH AFFIRMATIVE DEFENSE

There is no causal connection between any purported acts or omissions of Defendant and the damages alleged by Plaintiffs. In the alternative, Plaintiffs' alleged damages, if any, were proximately caused by the conduct of persons or entities other than Defendant and Plaintiffs' recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that any damages allegedly sustained by Plaintiffs were caused by the actions and/or omissions of someone other than Defendant over whom Defendant had no control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

//

//

//

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                    08 CV 0471

WHEREFORE, Defendant prays for judgment as follows:

1.    That all relief requested in the Complaint be denied;

2.    That Plaintiff take nothing by virtue of this action;

3.    For costs of suit and attorneys' fees incurred herein; and

4.    For such other and further relief as the Court may deem proper.

Dated: April 28, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP
CATHERINE A. CONWAY
STEPHANIE S. DER

By _____
STEPHANIE S. DER
Attorneys for JAMBA JUICE COMPANY

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint

08 CV 0471

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On April 28, 2008, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT JAMBA JUICE COMPANY TO PLAINTIFF'S COMPLAINT** on the interested party(ies) below, using the following means:

> Lynn Hubbard III, Esq.
> Scottlynn J. Hubbard, IV, Esq.
> Disabled Advocacy Group, APLC
> 12 Williamsburg Lane
> Chico, CA 95926
> 530.894.8244 (fax)

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 28, 2008 at Los Angeles, California.

Tracy Howe
_____
[Print Name of Person Executing Proof]                [Signature]

12

Answer of Defendant Jamba Juice Company to Plaintiff's Complaint                08 CV 0471