NORTON ADAMS & DOWNEY L.L.P.
William A. Adams, Esq. CSBN. 135035
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fx: (619) 231-7595
wadams@nortonadams.com

Attorney for Defendants: CASUAL DINING SERVICES, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD;<br><br>Plaintiff,<br><br>v.<br><br>C.V. Center, Inc.; Jamba Juice Company dba Jamba Juice #603; Casual Dining Services, Inc. dba Pizzeria Uno; Mervyn's, LLC; Starbucks Corporation dba Starbucks Coffee #6632; J.C. Penney Company, Inc. dba J.C. Penney #1274; Serler, Inc. dba Subway #31595; Manna Development Group, LLC dba Panera Bread Café #4284,<br><br>Defendants. | **Case No. 08 cv 471 (JAH LSP)**<br><br>**DEFENDANT CASUAL DINING SERVICE'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Fed. R. Civ. P. 12; 28 U.S.C. § 1367(c)<br><br>Judge: Hon. John A. Houston<br>Room: 11<br>Date: June 9, 2008<br>Time: 2:30 PM |

I.  INTRODUCTION

This lawsuit appears to be a typical disabled access lawsuit filed by repeat access litigant (and plaintiff's counsel's mother) BARBARA HUBBARD.  Plaintiff has filed numerous access cases (*207 cases in the Southern District alone – Request for Judicial Notice U.S. Dist. Court records, S.D. CA*).

Defendant CASUAL DINING SERVICES, INC. dba PIZZERIA UNO operates a Pizzeria Uno restaurant franchise at 555 Broadway in Chula Vista.

Points & Authorities ISO Motion to Dismiss [USDC # 08 cv 471 (JAH LSP)]

- 1

Plaintiff's sole federal claim, the Americans with Disabilities Act ("ADA"), provides no statutory damages, only injunctive relief. Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120 (S.D. Cal. 2005), 1129; 42 U.S.C. § 12188(a)(1). Plaintiff's monetary claims are contained entirely in state Law. *See* Complaint*, 26:12-28 – 28:1-11;* Wander v. Kaus, (9th Cir.2002*) 304* F.3d 856, 858*.* Nevertheless, plaintiff failed to give any notice or make any complaints to defendant prior to filing this lawsuit. By filing in Federal District Court, access plaintiff avoids the economical litigation classifications of state court and can utilize the expense of federal litigation to achieve monetary settlements far in excess of that provided under law, especially given that access plaintiff standing under the "actual injury" requirement of state law is often dubious*. See* Blumhorst v. Jewish Family Servs. of L.A. (2005), 126 Cal. App. 4th at 1003-04. State courts and law provide a more economical litigation forum for these cases as the result of the jurisdictional classifications of Small Claims, Limited Civil, and Unlimited Civil, coupled with the sanctions of Cal. Code Civ. Proc. §1033 for filing in too high of a classification. Additionally, state and federal appellate courts are essentially split on the substantive interpretation of state law. Thus, as explained below, this Court must decline supplemental jurisdiction.

II. **PLAINTIFF'S STATE LAW CLAIMS PREDOMINATE, ARE UNSETTLED, AND THERE ARE COMPELLING REASONS WHY THE STATE LAW CLAIMS SHOULD BE LITIGATED IN STATE COURT**

A. A Growing Number of District Courts are Denying Supplemental Jurisdiction in Federal Access Lawsuits Under 28 USC §1367(c)

Under 28 U.S.C. § 1367(c), the court may decline supplemental jurisdiction if any one of four grounds exist:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, ***or***

"(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. , *emphasis added.*

There is an ever increasing number of district court rulings (especially in the Southern District) denying supplemental jurisdiction of state law causes of action in these purported ADA lawsuits under § 1367(c) (1)(2), (4) because of novel state law issues, predominating state law claims, or other compelling reasons. Feezor v. Tesstab Operations Group, Inc. 07cv0840 (SD Cal. 12/17/07) Gash v. PFS, LLC, et al. 07cv0158 (SD Cal. 6/5/07); Wilson v. PFS, LLC, et al, 06cv1046 (SD Cal. Order 6/1/07); Kohler v. Mira Mesa Marketplace, West, LLC, et al. 06cv2399 (SD Cal. Order 6/4/07); Cross v. Pacific Coast Plaza Investments, LP, et al 06cv2543 (SD Cal., Order dated 3/06/07); Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F.Supp.2d 1120, 1131 (S.D.Cal.2005); Molski v. Kahn Winery, 381 F.Supp.2d 1209, 1212 (C.D.Cal.2005); Molski v. Mandarin Touch Restaurant, 359 F.Supp.2d 924, 936 (C.D.Cal.2005); Sanford v. Del Taco, 2006 WL 2669351 (E.D.Cal.); Molski v. EOS Estate Winery, 2005 WL 3952249 (C.D.Cal.,2005); Molski v. Hitching Post I Restaurant, Inc., 2005 WL 3952248 (C.D.Cal.,2005). Notably, while § 1367(c) requires only one of the four enunciated grounds to be present, these cases have invariably found that three of the four grounds were present as a matter of law. *See e.g.,* Molski v. EOS, supra, at 3-4. On the other hand, there have been contrary rulings. *E.g.,* Wilson v. PFS, 06cv1046 (11/3/06*); See also* Chavez v. Suzuki 05cv1569 (11/29/05)*.* Nevertheless, an increasing number of district courts, including in this Southern District, favor declining supplemental jurisdiction. Cross v. Pacific Coast Plaza, supra; OAM-Singletary v. Brick Oven Rest., supra, 1131

   B. <u>Recent Events Provide New Grounds for Declining Supplemental Jurisdiction</u>

As noted above, on January 17, 2007, the California Supreme Court unanimously denied review and depublication of the Gunther v Lin decision, which redefined the interpretation of the state law claims in these actions. *See* Gunther v Lin, 144 Cal.App.4th 223 (Cal.App. 4 Dist.,2006, review denied 1/17/06)*.* Among other

NORTON ADAMS & DOWNEY LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:   (619) 233-8200
Fax:  (619) 231-7595

1  things, the Gunther court rejected the Ninth Circuit's holding in Lentini v. California
2  Center for the Arts (2004) 370 F.3d 837, 840, stating:

> [T]he federal intermediate appellate court, in the one brief paragraph that it devoted to the issue, basically refused to follow what our own state Supreme Court said in Harris. *Id.* at 252, referring to Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142; see also Gunther at 252-256.

The Gunther court opined that "state law claims have become the tails that wag the dog of federal ADA litigation." Gunther, *supra, at 256; See also* Pickern v. Best Western, *supra,* 1132. While federal courts have previously made the same observation. *See* Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1132; Molski v. Mandarin Touch Restaurant, (2004) 347 F.Supp.2d 860, 862-863. Gunther was the first time a state court made the observation. The Gunther court reasoned that ". . . their interpretation had the consequence of encouraging abusive litigation." Gunther at 256. It went on to find that "the Lentini decision has resulted in the inundation of the federal courts with litigation in which the quest for the minimum $4,000 penalty **state law predominates**." *Id. (italics in original but not bold.)* Notably, that is one of the criteria of 28 U.S.C. § 1367(c) necessitating rejection of supplemental jurisdiction. The fact that the Gunther court statements were made in the context of rejecting a federal court interpretation of state access laws lends further imperative to declining supplemental jurisdiction. In the only case in the Southern District to specifically address the issue of supplemental jurisdiction of state access laws since the Gunther v. Lin decision, the court held that the decision compelled it to decline supplemental jurisdiction. *See* Cross v. Pacific Coast Plaza Investments, LP, et al., 06cv2543, Orders March 7, 2007 and March 26, 2007.

On March 22, 2007, interpretation of the state law claims became even more unsettled and complex when an Eastern District Federal Trial Court expressly rejected the Gunther v. Lin holding. Wilson v. Haria & Gogrich Corp. dba Jack-in-the-Box, et al, 05cv1239 LKK (DAD), p.6. It did so despite the consistent Ninth Circuit holdings that:

> *"In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state*

NORTON ADAMS & DOWNEY LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph.: (619) 233-8200
Fax: (619) 231-7595

*unless there is convincing evidence that the highest court of the state would decide differently." In re Watts, 298 F.3d 1077, 1083 (9th Cir.2002), cited in Wilson, supra, at 6.*

The Wilson Court reasoned that it was convinced that the California Supreme Court would reject the Gunther v. Lin holding. Wilson at 6. The court minimized the Supreme Court's denial of review of the Gunther v. Lin decision, stating it may have simply declined review because there was no appellate split yet on the issue. Wilson at fn. 12. The court did not discuss the fact that the Supreme Court denied both review *and depublication* of the Gunther v. Lin decision in the presence of extensive *amicus curiae* requests for review or depublication because of the split with the Ninth Circuit interpretation. The Wilson court also did not discuss the fact that the Gunther v. Lin decision was consistent with the prior California Supreme Court holding. Harris, *supra*.1.

In any case, the Wilson court called into question a district court's obligation to follow an intermediate state court of appeal holding in the presence of a prior contrary Ninth Circuit Court of Appeal holding. Wilson at 6. Therefore, the relevant state statutes may receive different interpretations depending on whether they are litigated in state or federal courts. As a result, four recent Southern District rulings have declined to exercise supplemental jurisdiction in this type of case. Cross v. Pacific Coast Plaza Investments, LP, et al 06cv2543 (SD Cal., Order dated 3/06/07); Gash v. PFS, LLC, et al. 07cv0158 (SD Cal. 6/5/07); Wilson v. PFS, LLC, et al, 06cv1046 (SD Cal. Order

---

1 In Wilson v. Haria & Gogrich Corp., the Court noted that it was not asked to decline supplemental jurisdiction. *[Id. at fn. 15]* Nevertheless, the Court opined that "the issue of state law presented by the instant action is not particularly novel or complex in light of the overwhelming body of case law finding that proof of intent is not required." *Id.* The Court did not discuss the fact that such body of case law consisted mostly of the half page of analysis in the Lentini decision and subsequent one sentence cites thereto by California district courts bound thereby. In comparison, the California Court of Appeal dedicated 29 pages of in-depth analysis and legislative history in the Gunther decision, which was not equaled in effort until the belated Wilson analysis. The Court also did not discuss the fact that prior to the Lentini decision, but after the 1992 amendment upon which the Lentini decision relied in rejecting the Harris decision, at least some federal courts continued to follow Harris. *See e.g.* Lonberg v. City of Riverside (2004) 300 F.Supp.2d 942 at 950; but cfr. Presta v. Peninsula Corridor Joint Powers, 16 F.Supp. 1134, 1135 (N.D.Cal.1998).

1 6/1/07); <u>Kohler v. Mira Mesa Marketplace, West, LLC, et al.</u> 06cv2399 (SD Cal. Order
2 6/4/07).

3     Most recently, on April 14, 2008, the Ninth Circuit requested the California
4 Supreme Court to decide these issues concerning the level of intent required under
5 state law in order for a Defendant to liable for monetary damages in access claims.
6 [*See* <u>Kenneth Munson v. Del Taco, Inc.</u>, 9th Cir. No. 06-56208 (4/14/08), attached to
7 Request for Judicial Notice filed herewith.]  The fact that the Ninth has certified these
8 issues to the California Supreme Court for interpretation definitively illustrates that
9 federal district courts should decline supplemental jurisdiction of the state law claims as
10 complex and novel, at least until fully interpreted by the California Supreme Court.

11     C.   <u>Plaintiff Loses Nothing If This Court Declines Supplemental Jurisdiction Because Federal Law Offers Plaintiff No Remedy Not Available In State Court</u>

13     Plaintiff's only federal claim in this case is the ADA Cause of Action. See
14 Complaint.  The ADA only provides injunctive relief, not damages. 42 U.S.C. §
15 12188(a)(2); <u>Gunther v. Lin</u>, *supra*, 230.  Yet the state law claims, which expressly
16 incorporate ADA standards Civ. Code §§51(f) & 54(d), provide both monetary damages
17 and injunctive relief. Civ. Code §§54.3 & 55.  Therefore, there is no relief that can be
18 obtained in federal court that cannot be obtained in state court, and no prejudice to
19 plaintiff if this motion is granted.

20     D.   <u>Declining Supplemental Jurisdiction Would Encourage Economic Litigation.</u>

22     Plaintiff is evading California statutes aimed at economical litigation of access
23 claims.  Civil Code §52.2 gives the California small claims court specific jurisdiction of
24 disabled access claims under Civil Code §52 and §54.3.  Additionally, CCP §1033(b)
25 creates strong incentives for plaintiffs to file in the most economical level of California's
26 tiered jurisdictional classifications (Small Claims, Limited Civil under $10,000, Limited
27 Civil under $25,000, and Unlimited Civil), and requires pre-litigation notice in certain
28

NORTON ADAMS & DOWNEY LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:  (619) 233-8200
Fax: (619) 231-7595

cases. CCP §1033(b).  In this action, plaintiff made no pre-litigation attempts at resolution.

### E. Declining Supplemental Jurisdiction Would Serve the Important Policies of Access Remediation and Judicial Economy

As the record before the Court indicates, plaintiff has chosen a strategy of suit before making an informal request or complaint regarding alleged barriers.  Thus, defendants have been deprived of the opportunity to voluntarily remove barriers, if any exist, prior to litigation.  Plaintiff's strategy diverts resources away from access remediation and towards unnecessary litigation.   Such a strategy is inconsistent with judicial and social policies favoring remediation and settlement over litigation.  Declining supplemental Jurisdiction now would deter such unproductive and abusive tactics.  Additionally, declining supplemental jurisdiction at the earliest opportunity would serve judicial and client economy by allowing plaintiff to re-file the damage claims in state court before the parties expend further resources, or consume those of the Court, by later Motion for Summary Judgment or trial regarding each allegation of access non-compliance.  Thereupon, plaintiff can determine whether injunctive relief is necessary so that she may be able to file the action in an economical jurisdictional classification, including small claims. CCP §§116.220 and 116.221 – limit increased to $7,500; Civil Code §52.2 – giving small claims jurisdiction of Unruh Act and Disabled Persons Act damage claims.

### III. CONCLUSION

Based on the foregoing reasons, Defendant CASUAL DINING SERVICES respectfully requests that this Court decline supplemental jurisdiction of plaintiff's state law claims.

///

///

///

Date: May 9, 2008

**NORTON ADAMS & DOWNEY LLP**

By: s/William A. Adams
William A. Adams
Attorneys for Defendant
CASUAL DINING SERVICES, INC. dba
PIZZERIA UNO

NORTON ADAMS & DOWNEY LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph.: (619) 233-8200
Fax: (619) 231-7595