NORTON ADAMS & DOWNEY L.L.P.
William A. Adams, Esq. CSBN. 135035
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fx: (619) 231-7595
wadams@nortonadams.com

Attorney for Defendants: Casual Dining Services, Inc. dba Pizzeria Uno .

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD, <br><br> Plaintiff, <br><br> v. <br><br> C.V. Center, Inc.; Jamba Juice Company dba Jamba Juice #603; Casual Dining Services, Inc. dba Pizzeria Uno; Mervyn's, LLC; Starbucks Corporation dba Starbucks Coffee #6632; J.C. Penney Company, Inc. dba J.C. Penney #1274; Serler, Inc. dba Subway #31595; Manna Development Group, LLC dba Panera Bread Café #4284, <br><br> Defendants. | **Case No. 08 cv 471 (JAH LSP)** <br><br> **DEFENDANT CASUAL DINING INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Judge: Hon. John A. Houston <br> Room: 11 <br> Date: June 9, 2008 <br> Time: 2:30 P.M. |

Pursuant to Rule 201 of the Federal Rule of Evidence and the case law of this Circuit, defendant CASUAL DINING SERVICES, INC. dba PIZZERIA UNO, hereby requests judicial notice of the April 14, 2008 published ruling of the Federal Ninth Circuit Court of Appeal, in the case of Kenneth Munson v. Del Taco, Inc., 9th Cir. No. 06-56208 (4/14/08), attached hereto.

Date: May 9, 2008              **NORTON ADAMS & DOWNEY LLP**

            By: s/William A. Adams
              William A. Adams
              Attorneys for Defendant
              CASUAL DINING SERVICES, INC.

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH MUNSON,<br>    *Plaintiff-Appellee,*<br>v.<br>DEL TACO, INC., a California corporation,<br>    *Defendant-Appellant.* | No. 06-56208<br>D.C. No.<br>CV-05-05942-AHM<br>Central District of California,<br>Los Angeles<br>ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA |

Filed April 14, 2008

Before: Susan P. Graber and Marsha S. Berzon,
Circuit Judges, and Claudia Wilken,* District Judge.

---

**COUNSEL**

Lisa A. Wegner and Melinda Evans, Call, Jensen & Ferrell, Newport Beach, California, for the defendant-appellant.

Russell C. Handy and Mark D. Potter, Center for Disability Access, LLP, San Marcos, California, for the plaintiff-appellee.

---

*The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

3855

3856                    MUNSON v. DEL TACO, INC.

# ORDER

We respectfully ask the California Supreme Court to exercise its discretion and decide the certified questions below, pursuant to California Rule of Court 8.548. The resolution of these questions will determine the outcome of this appeal, and no clear controlling California precedent exists. *See* Cal. R. Ct. 8.548(a). We are mindful that our request adds to the demanding caseload of the California Supreme Court, but this case raises difficult questions of California law on which trial courts, both state and federal, are sharply divided. The questions have broad implications for disability rights under the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, and for countless lawsuits alleging violations of the Unruh Act. Comity and federalism counsel that the California Supreme Court, rather than this court, should answer these questions.

1. *Administrative Information*
   Ninth Circuit Case No. 06-56208,
   KENNETH MUNSON, Plaintiff-Appellee
   v.
   DEL TACO, INC., Defendant-Appellant.

*Counsel for Kenneth Munson*: Mark D. Potter and Russell C. Handy, Center for Disability Access, LLP, 100 E. San Marcos Blvd., Suite 400, San Marcos, California 92069.

*Counsel for Del Taco*: Scott J. Ferrell, Lisa A. Wegner, and Melinda Evans, Call, Jensen & Ferrell, 610 Newport Center Drive, Suite 700, Newport Beach, California 92660.

Del Taco is deemed the petitioner in this request because it appeals the district court's rulings on the issues identified below.

2. *Questions Certified*

| MUNSON v. DEL TACO, INC. | 3857 |
|---|---|

We certify to the California Supreme Court the following questions of state law that are presently before us. Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved, and that court may rephrase the questions. We will accept the decision of the California Supreme Court. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (holding that the Ninth Circuit is bound to follow the California Supreme Court's interpretation of California law).

1. Must a plaintiff who seeks damages under California Civil Code section 52, claiming the denial of full and equal treatment on the basis of disability in violation of the Unruh Act, Cal. Civ. Code § 51, prove "intentional discrimination"?

2. If the answer to Question 1 is "yes," what does "intentional discrimination" mean in this context? For example, does intentional discrimination mean:

- an intent to deny full and equal treatment;

- an intent to act (or not act) in a way that the actor is aware will fail to provide full and equal treatment;

- an intent to violate the ADA;

- an intent not to remove barriers to access—in other words, to maintain the current architectural layout;

- that, as defined by Judicial Council of California Civil Jury Instruction ("CACI") 3020, disability was a "motivating reason" in denying full and equal treatment; or

- deliberate indifference to whether the actor's conduct will provide full and equal treatment?

3858         M<small>UNSON</small> v. D<small>EL</small> T<small>ACO</small>, I<small>NC</small>.

3.  *Statement of Facts*

Plaintiff Kenneth Munson has a physical disability that requires that he use a wheelchair. Plaintiff alleges that he visited the Del Taco restaurant in San Bernardino, California, which is owned and operated by Defendant Del Taco, Inc. Plaintiff further alleges that, at the Del Taco restaurant, he encountered architectural barriers that denied him legally required access to the parking area and restrooms.

Plaintiff filed suit against Defendant in the Central District of California. He alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101—12213, and the Unruh Act, Cal. Civ. Code § 51. Plaintiff sought injunctive relief, damages, and attorney fees under California Civil Code section 52 for the alleged Unruh Act violations.

On cross-motions for summary judgment, the district court granted partial summary judgment in favor of Plaintiff. The court reasoned that "there is no genuine issue of fact that an architectural barrier existed" and that "there is no genuine issue of fact that the restroom doorway widening was readily achievable." Consequently, the court ruled "that there is no genuine issue of fact that an ADA violation occurred. Thus, [Defendant] is liable under the Unruh Act and [Plaintiff] is entitled to pursue statutory damages."[1]

The parties stipulated to $12,000 in damages under the Unruh Act in lieu of holding a jury trial on the issue, with Defendant reserving the right to appeal any adverse orders or judgments. The district court entered judgment, and Defen-

---

[1] Our precedents interpreting California law hold that "no showing of intentional discrimination is required where [an] Unruh Act violation is premised on an ADA violation." *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004). As explained *infra*, there is a recent California Court of Appeal decision to the contrary.

| Munson v. Del Taco, Inc. | 3859 |
|---|---|

dant timely appealed the district court's grant of Plaintiff's motion for partial summary judgment.

Defendant argues on appeal that it is entitled to summary judgment because intent is required under the Unruh Act and Plaintiff failed to put forth any evidence that Defendant intentionally discriminated against him. Plaintiff does not contend that he provided evidence that Defendant was motivated by animus against people with disabilities, but argues that such intent is not required or, in the alternative, that the requisite intent is the intent not to remove barriers to access where readily achievable.

4.  *Need for Certification*

The certified questions present issues of significant precedential and public policy importance. Both California state courts and federal courts have considered whether a plaintiff who claims a denial of full and equal treatment on the basis of disability in violation of the Unruh Act, Cal. Civ. Code § 51, and seeks damages under California Civil Code section 52, must prove "intentional discrimination." But no clear controlling California precedent answers that question. In addition, no California precedent answers what a showing of "intentional discrimination" requires.

Under the Unruh Act, "[a]ll persons . . . no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). California Civil Code section 52(a) provides a remedy for a violation of those rights:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a

3860  MUNSON v. DEL TACO, INC.

> jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

In *Harris v. Capital Growth Investors XIV*, 805 P.2d 873, 893 (Cal. 1991), the California Supreme Court "h[e]ld that a plaintiff seeking to establish a case under the Unruh Act must plead and prove *intentional discrimination* in public accommodations in violation of the terms of the Act." (Emphasis added.) Among other reasons supporting this conclusion, the court noted that section 52's

> references to "aiding" and "inciting" denial of access to public accommodations, to making discriminations and restrictions, and to the commission of an "offense" imply willful, affirmative misconduct on the part of those who violate the Act. Moreover, the damages provision allowing for an exemplary award of up to treble the actual damages suffered with a stated minimum amount reveals a desire to punish intentional and morally offensive conduct.

*Id.* at 891.

The following year, the California legislature amended the Unruh Act to provide that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f). The legislative history of that amendment does not refer to *Harris*. *See Gunther v. Lin*, 50 Cal. Rptr. 3d 317, 334-35 (Ct. App. 2007) (noting the absence of any mention of the *Harris* intentional discrimination issue in the bill's legislative history). Under the ADA, though, "a plaintiff need not show intentional discrimination in order to make out a violation." *Lentini*, 370 F.3d at 846; *see also* 42 U.S.C.

MUNSON v. DEL TACO, INC.　　　3861

§ 12182(b)(2)(A) (enumerating violations of the ADA by public accommodations).

In *Lentini*, 370 F.3d 837, we held that the 1992 amendment to the Unruh Act eviscerated *Harris*' requirement of intentional discrimination in cases involving violations of the ADA:

> We find that, regardless of whether *Harris* may continue to have relevance to other Unruh Act suits, no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation. This result is mandated by the plain meaning of the Unruh Act's language, which states that a violation of the ADA is, *per se*, a violation of the Unruh Act. Because the Unruh Act has adopted the full expanse of the ADA, it must follow, that the same standards for liability apply under both Acts.

*Id.* at 847 (citation and internal quotation marks omitted).

However, in *Gunther*, 50 Cal. Rptr. 3d at 342, the California Court of Appeal held that *Lentini* was wrongly decided: "To the degree that . . . *Lentini* is read as authorizing monetary damage and minimum damage claims under section 52, it is not persuasive as a statement of state law . . . ." The Court of Appeal explained that we erred in *Lentini* because we failed to recognize that the state legislature's amendment to section 51 did not alter the triggering provision of section 52 that *Harris* had interpreted. *Id.* In addition, the court reasoned that *Lentini*'s interpretation of section 52 rendered California Civil Code section 54.3 redundant and "had the consequence of encouraging abusive litigation." *Id.* at 342-43. The court held that the existence of a violation is not identical to the existence of a particular remedy and that the section 52 remedy "is reserved for intentional violations." *Id.* at 343. The court did not define what a showing of intent under section 52 requires, but the facts of the case suggest that it may have

3862          M<small>UNSON</small> v. D<small>EL</small> T<small>ACO</small>, I<small>NC</small>.

meant an intent to violate the ADA. *See id.* at 323 ("There is . . . no question that defendant Lin never intended to violate the ADA.").

Our duty as a federal court in this case "is to ascertain and apply the existing California law." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (internal quotation marks omitted). As our previous interpretation of California law, *Lentini* is "only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect." *Wolfson v. Watts (In re Watts)*, 298 F.3d 1077, 1083 (9th Cir. 2002) (internal quotation marks omitted). *Gunther* indicates that our interpretation was incorrect. Consequently, "[i]n the absence of a pronouncement by the highest court of a state, [we] must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." *In re Watts*, 298 F.3d at 1083 (emphasis and internal quotation marks omitted).

Here, we are in doubt about whether the California Supreme Court would follow *Gunther*. *Gunther*'s

> conclusion is premised on the view that the Unruh Act is comprised only of Section 51, but this divorces the law from its enforcement provision in Section 52. While *Gunther* notes that, by its own terms, the Unruh Act comprises only Section 51, . . . even the *Harris* court referred to the Unruh Act as encompassing the enforcement provision found in Section 52.

*Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1137 (E.D. Cal. 2007) (citation omitted). Under that view of the Unruh Act, the California legislature's amendment to section 51 necessarily would affect the "triggering" provision of section 52. In addition, "[t]he legislative history of Section 51(f) reveals an intent to include unintentional disability discrimi-

Munson v. Del Taco, Inc.     3863

nation within the scope of the Unruh Act." *Id.* The California Assembly and Senate Committees on the Judiciary each issued a report that stated that section 51(f) would " '[m]ake a violation of the ADA a violation of the Unruh Act[,] [t]hereby providing persons injured by a violation of the ADA with the remedies provided by the Unruh Act.' " *Id.* at 1137-38 (quoting California Assembly Committee on Judiciary report on AB 1077, at 2 (Jan. 2, 1992); California Senate Committee on Judiciary report on AB 1077, at 5 (June 1, 1992)). Finally, section 54.3 "and the Unruh Act are inevitably redundant in some respects, no matter how the court construes the latter." *Id.* at 1139. Section 54.3 "authorizes damages for both intentional and unintentional discrimination, because intent is simply irrelevant under the statute. . . . Accordingly, the portion of [section 54.3] covering intentional discrimination is inevitably redundant with the portion of the Unruh Act covering intentional discrimination." *Id.* at 1139-40 (citation omitted); *see also R.K. v. Hayward Unified Sch. Dist.*, No. C-06-07836, 2007 WL 4169111, at *4 n.4 (N.D. Cal. Nov. 20, 2007) (order) (rejecting *Gunther*); *Simonelli v. Univ. of Cal.-Berkeley*, No. C-02-1107, 2007 WL 4165958, at *2-*3 (N.D. Cal. Nov. 7, 2007) (order) (same); *Nat'l Fed. of the Blind v. Target Corp.*, No. C-06-1802, 2007 WL 2846462, at *19 (N.D. Cal. Oct. 2, 2007) (same); *Johnson v. Barlow*, No. Civ.-S-06-01150, 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007) (order) (same).

The foregoing concerns about *Gunther*'s reasoning leave us in doubt as to whether the California Supreme Court would hold in conformity with it. Consequently, we are uncertain as to how to predict accurately what the California Supreme Court would hold concerning a question that has far-reaching implications for California disability law.

Moreover, even assuming that *Gunther*'s holding accurately represents California law, no California state appellate court has addressed what a showing of "intentional discrimination" requires. *Harris* held that "[a] disparate impact analy-

3864　　　　　Munson v. Del Taco, Inc.

sis or test does not apply to Unruh Act claims," 805 P.2d at 893, but neither *Harris* nor *Gunther* specifies whether it is knowing or deliberately indifferent conduct that meets the statutory standard, whether the intent must be to violate the statute, to leave in place existing barriers to access, or to disadvantage disabled individuals, whether the "motivating reason" CACI instruction correctly interprets California law, *see* CACI 3020 ("The causation standard is still an open issue under [the Unruh Act]."), or whether a failure to provide accessible facilities to disabled individuals meets the statutory standard, *see H. v. Lemahieu*, 513 F.3d 922, 935-39 (9th Cir. 2008) (discussing the difference between disparate impact and failure to accommodate). The answers to these questions will determine whether Plaintiff is entitled to summary judgment under section 52. They also "present significant issues . . . with important public policy ramifications, and . . . have not yet been resolved by the state courts. We [thus] request certification . . . because of deference to the state court on significant state law matters." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

5. *Stay and Withdrawal from Submission*

All further proceedings in this case in this court are stayed pending final action by the California Supreme Court. This case is withdrawn from submission until further order of this court. The parties shall notify the Clerk of this court within one week after the California Supreme Court accepts or rejects certification, and again within one week if the California Supreme Court renders an opinion.

The Clerk shall file this order and 10 copies, along with all briefs in this appeal, with the Supreme Court of California; provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court of California. *See* Cal. R. Ct. 8.548(c)-(d).

This panel retains jurisdiction over further proceedings.

MUNSON v. DEL TACO, INC.    3865

IT IS SO ORDERED.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.