Max C. Fischer (SBN 226003)
 mfischer@sidley.com
Aimee G. Mackay (SBN 221690)
 amackay@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Attorneys For Defendant
C.V. CENTER, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD, | Case No. 08-CV-471-JAH LSP |
| Plaintiff, | Assigned to: The Honorable John A. Houston |
| C.V. CENTER, INC., JAMBA JUICE COMPANY dba JAMBA JUICE #603; CASUAL DINING SERVICES, INC. dba PIZZERIA UNO; MERVYN'S LLC; STARBUCKS CORPORATION dba STARBUCKS COFFEE #6632; J.C. PENNEY COMPANY, INC. dba JCPENNEY #1274; SERLER, INC. dba SUBWAY #31595; MANA DEVELOPMENT GROUP, LLC dba PANERA BREAD, CAFÉ #4284 | **ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT** |
| Defendants, | |

1   |   Defendant C.V. CENTER, INC. ("Defendant") for itself and no other

2   defendant, hereby answers the complaint ("Complaint") filed by Plaintiff Barbara

3   Hubbard ("Plaintiff") as follows:

4   ## INTRODUCTION

5   1.     Paragraph 1 of the Complaint consists of legal conclusions to

6   which Defendant is not required to respond.  To the extent a response is required,

7   Defendant admits that the property in question is located at 555 Broadway in Chula

8   Vista, California.  Defendant denies any remaining allegations.

9   2.     In response to Paragraph 2 of the Complaint, Defendant admits

10  that Plaintiff seeks the relief identified with respect to the claims asserted in Paragraph

11  2.  Defendant denies that Plaintiff is entitled to the relief enumerated in Paragraph 2,

12  or to any relief at all.

13  ## JURISDICTION

14  3.     Paragraph 3 consists of legal conclusions to which Defendant is

15  not required to respond.  To the extent a response is required, Defendant admits that

16  Plaintiff seeks to base jurisdiction in this Court on the statutes identified in Paragraph

17  3.

18  4.     Paragraph 4 consists of legal conclusions to which Defendant is

19  not required to respond.  To the extent a response is required, Defendant admits that

20  Plaintiff seeks to base jurisdiction in this Court on the statute identified in Paragraph

21  4, and that Plaintiff contends that her claims arise out of the same nucleus of operative

22  facts.

23  5.     Paragraph 5 consists of legal conclusions to which Defendant is

24  not required to respond.  To the extent a response is required, Defendant admits that

25  Plaintiff contends his claims are authorized by the statutes identified in Paragraph 5.

26

27

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

**VENUE**

6.        Paragraph 6 consists of legal conclusions to which Defendant is not required to respond.  To the extent that a response is required, Defendant admits that Plaintiff purports to base proper venue on the statutes identified in Paragraph 6.

**PARTIES**

7.        In response to Paragraph 7, Defendant admits that it is a Delaware corporation.  The remainder of the allegations in Paragraph 7 are vague, ambiguous and unintelligible, and on that basis Defendant denies them.

8.        Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8, and on that basis, denies them.

9.        Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9, and on that basis, denies them.

10.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10, and on that basis, denies them.

11.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11, and on that basis, denies them.

12.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12, and on that basis, denies them.

13.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13, and on that basis, denies them.

14.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14, and on that basis, denies them.

15.       Paragraph 15 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15, and on that basis, denies them.

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

**FACTS**

16.    Defendant admits that the "Chula Vista Center Common Area Facility" is an area of the property commonly known as Chula Vista Mall which is open to the business invitees of Defendant, is intended for nonresidential use and its operation affects commerce.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 16, and on that basis, denies them.

17.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17, and on that basis, denies them.

18.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18, and on that basis, denies them.

19.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19, and on that basis, denies them.

20.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20, and on that basis, denies them.

21.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21, and on that basis, denies them.

22.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22, and on that basis, denies them.

23.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23, and on that basis, denies them.

24.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24, and on that basis, denies them.

25.    In response to Paragraph 25, Defendant denies the allegations contained therein.

26.    In response to Paragraph 26, Defendant denies that its goods, services, facilities, privileges, advantages, and accommodations were unavailable to

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

physically disabled patrons.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 26, and on that basis, denies them.

27.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 27, and on that basis, denies them.

28.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 28, and on that basis, denies them.

29.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 29, and on that basis, denies them.

30.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 30, and on that basis, denies them.

31.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 31, and on that basis, denies them.

32.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 32, and on that basis, denies them.

33.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 33, and on that basis, denies them.

34.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 34, and on that basis, denies them.

35.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 35, and on that basis, denies them.

36.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 36, and on that basis, denies them.

37.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37, and on that basis, denies them.

38.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 38, and on that basis, denies them.

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

1      39.     Defendant lacks sufficient knowledge or information to form a

2  belief as to the allegations contained in Paragraph 39, and on that basis, denies them.

3      40.     Defendant lacks sufficient knowledge or information to form a

4  belief as to the allegations contained in Paragraph 40, and on that basis, denies them.

5      41.     Defendant lacks sufficient knowledge or information to form a

6  belief as to the allegations contained in Paragraph 41, and on that basis, denies them.

7      42.     In response to Paragraph 42, Defendant denies the allegations

8  contained therein.

9      43.     Defendant lacks sufficient knowledge or information to form a

10  belief as to the allegations of Paragraph 43 related to the generically described

11  "relevant times" and "current condition," and on that basis, denies the allegations

12  contained in Paragraph 43.

13      44.     In response to Paragraph 44, Defendant denies the allegations

14  contained therein.

15      45.     Defendant lacks sufficient knowledge or information to form a

16  belief as to the allegations contained in Paragraph 45, and on that basis, denies them.

17      46.     Defendant lacks sufficient knowledge or information to form a

18  belief as to the allegations contained in Paragraph 46, and on that basis, denies them.

19      47.     Defendant lacks sufficient knowledge or information to form a

20  belief as to the allegations contained in Paragraph 47, and on that basis, denies them.

21      48.     Defendant lacks sufficient knowledge or information to form a

22  belief as to the allegations contained in Paragraph 48, and on that basis, denies them.

23      49.     Defendant lacks sufficient knowledge or information to form a

24  belief as to the allegations contained in Paragraph 49, and on that basis, denies them.

25      50.     Defendant lacks sufficient knowledge or information to form a

26  belief as to the allegations contained in Paragraph 50, and on that basis, denies them.

27      51.     Defendant lacks sufficient knowledge or information to form a

28

belief as to the allegations contained in Paragraph 51, and on that basis, denies them.

52.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 52, and on that basis, denies them.

53.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 53, and on that basis, denies them.

54.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 54, and on that basis, denies them.

55.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 55, and on that basis, denies them.

56.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 56, and on that basis, denies them.

57.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 57, and on that basis, denies them.

58.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 58, and on that basis, denies them.

59.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 59, and on that basis, denies them.

60.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 60, and on that basis, denies them.

61.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 61, and on that basis, denies them.

62.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 62, and on that basis, denies them.

63.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 63, and on that basis, denies them.

64.      Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 64, and on that basis, denies them.

65.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 65, and on that basis, denies them.

## FIRST CLAIM

### (Americans with Disabilities Act of 1990)

### Denial of Full and Equal Enjoyment and Use

### (The Chula Vista Center Common Area Facility)

66.    In response to Paragraph 66, Defendant incorporates by reference its responses to Paragraphs 1-65.

67.    Paragraph 67 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as a "general rule."

68.    In response to Paragraph 68, Defendant denies the allegations contained therein.

### Failure to Remove Architectural Barriers in an Existing Facility

69.    Paragraph 69 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that Plaintiff purports to recite the definition of "readily achievable."

70.    Paragraph 70 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the "readily achievable" standard.

71.    Paragraph 71 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant lacks sufficient knowledge or information as to the allegations of Paragraph 71 as they relate to the generically described "architectural barriers," and on that basis, denies them.

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

72.    Paragraph 72 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations in Paragraph 72.

### Failure to Design and Construct an Accessible Facility

73.    Paragraph 73 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that some construction was done to the area described as the "Chula Vista Center Common Area Facility" after January 29, 1992.

74.    Paragraph 74 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.

75.    Paragraph 75 consists of legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations in Paragraph 75.

### Failure to Make an Altered Facility Accessible

76.    Paragraph 76 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that some construction was done to the area described as the "Chula Vista Center Common Area Facility" after January 29, 1992.

77.    Paragraph 77 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite requirements contained in Title III of the ADA.

78.    Paragraph 78 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations of Paragraph 78.

### Failure to Modify Existing Policies and Procedures

79.    Paragraph 79 consists of a legal assertion to which Defendant is

1  not required to respond.  To the extent a response is required, Defendant admits that

2  Plaintiff purports to recite prohibitions of Title III of the ADA.

3        80.    Paragraph 80 consists of a legal conclusion to which Defendant is

4  not required to respond.  To the extent a response is required, Defendant denies the

5  allegations of Paragraph 80.

6        81.    In response to Paragraph 81, Defendant denies all allegations

7  contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to

8  any relief at all.

9        82.    In response to Paragraph 82, Defendant denies all allegations

10  contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to

11  any relief at all.

12                        **SECOND CLAIM**

13                        **Disabled Persons Act**

14        **(The Chula Vista Center Common Area Facility)**

15        83.    In response to Paragraph 83, Defendant incorporates by reference

16  its responses to Paragraphs 1-82.

17        84.    Paragraph 84 consists of a legal assertion to which Defendant is

18  not required to respond.  To the extent a response is required, Defendant admits that

19  Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

20        85.    Paragraph 85 consists of a legal assertion to which Defendant is

21  not required to respond.  To the extent a response is required, Defendant admits that

22  Plaintiff purports to recite the requirements of Section 54.1 of the California Civil

23  Code.

24        86.    Paragraph 86 consists of a legal assertion to which Defendant is

25  not required to respond.  To the extent a response is required, Defendant admits that

26  Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California

27  Civil Code.

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

87.    Paragraph 87 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88.    In response to Paragraph 88, Defendant denies all allegations contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to any relief at all.

89.    In response to Paragraph 89, Defendant denies all allegations contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to any relief at all.

**THIRD CLAIM**

**Unruh Civil Rights Act**

**(The Chula Vista Center Common Area Facility)**

90.    Defendant incorporates by reference its responses to Paragraphs 1-89.

91.    Paragraph 91 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

92.    Paragraph 92 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51.5 of the California Civil Code.

93.    Paragraph 93 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite Section 51(f) of the California Civil Code.

94.    Paragraph 94 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

95.     Paragraph 95 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 95.

96.     In response to Paragraph 96, Defendant denies all allegations contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to any relief at all.

97.     In response to Paragraph 97, Defendant denies all allegations contained therein, and further denies that Plaintiff is entitled to the claimed relief, or to any relief at all.

## FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

### (The Chula Vista Center Common Area Facility)

98.     Defendant incorporates by reference its responses to Paragraphs 1-98.

99.     Paragraph 99 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

100.    Paragraph 100 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

101.    Paragraph 101 consists of a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that the area described as the "Chula Vista Center Common Area Facility" was constructed, altered or repaired after July 1, 1970, that the area is open to the general public, and that business is conducted in the area.  Except as previously admitted herein, Defendant denies the remaining allegations of Paragraph 101.

102.    Paragraph 102 consists of a legal conclusion to which Defendant is

1   not required to respond.  To the extent a response is required, Defendant denies the

2   allegations of Paragraph 102, and further denies that Plaintiff is entitled to the relief

3   requested therein, or to any relief at all.

### FIFTH CLAIM

### (Americans with Disabilities Act of 1990)

### Denial of Full and Equal Enjoyment and Use

### (The Jamba Juice Facility)

8       103.    In response to Paragraph 103, Defendant incorporates by reference

9   its responses to Paragraphs 1-102.

10      104.    Paragraph 104 consists of a legal assertion to which Defendant is

11  not required to respond.  To the extent a response is required, Defendant admits that

12  Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as

13  a "general rule."

14      105.    Defendant lacks sufficient knowledge or information to form a

15  belief as to the allegations contained in Paragraph 105, and on that basis, denies them.

16              <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

17      106.    Paragraph 106 consists of a legal assertion to which Defendant is

18  not required to respond.  To the extent a response is required, Defendant admits that

19  Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that

20  Plaintiff purports to recite the definition of "readily achievable."

21      107.    Paragraph 107 consists of a legal assertion to which Defendant is

22  not required to respond.  To the extent a response is required, Defendant admits that

23  Plaintiff purports to recite the "readily achievable" standard.

24      108.    Defendant lacks sufficient knowledge or information to form a

25  belief as to the allegations contained in Paragraph 108, and on that basis, denies them.

26      109.    Defendant lacks sufficient knowledge or information to form a

27  belief as to the allegations contained in Paragraph 109, and on that basis, denies them.

28

### Failure to Design and Construct an Accessible Facility

110.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 110, and on that basis, denies them.

111.    Paragraph 111 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.

112.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 112, and on that basis, denies them.

### Failure to Make an Altered Facility Accessible

113.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 113, and on that basis, denies them.

114.    Paragraph 114 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite requirements contained in Title III of the ADA.

115.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 115, and on that basis, denies them.

### Failure to Modify Existing Policies and Procedures

116.    Paragraph 116 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions of Title III of the ADA.

117.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 117, and on that basis, denies them.

118.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 118, and on that basis, denies them.

119.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 119, and on that basis, denies them.

**SIXTH CLAIM**

**Disabled Persons Act**

**(The Jamba Juice Facility)**

120.    In response to Paragraph 120, Defendant incorporates by reference its responses to Paragraphs 1-119.

121.    Paragraph 121 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

122.    Paragraph 122 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54.1 of the California Civil Code.

123.    Paragraph 123 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California Civil Code.

124.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 124, and on that basis, denies them.

125.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 125, and on that basis, denies them.

126.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 126, and on that basis, denies them.

**SEVENTH CLAIM**

**Unruh Civil Rights Act**

**(The Jamba Juice Facility)**

127.    Defendant incorporates by reference its responses to Paragraphs 1-126.

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

08CV471

1    128.   Paragraph 128 consists of a legal assertion to which Defendant is

2  not required to respond.  To the extent a response is required, Defendant admits that

3  Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

4    129.   Paragraph 129 consists of a legal assertion to which Defendant is

5  not required to respond.  To the extent a response is required, Defendant admits that

6  Plaintiff purports to recite the requirements of Section 51.5 of the California Civil

7  Code.

8    130.   Paragraph 130 consists of a legal assertion to which Defendant is

9  not required to respond.  To the extent a response is required, Defendant admits that

10  Plaintiff purports to recite Section 51(f) of the California Civil Code.

11    131.   Defendant lacks sufficient knowledge or information to form a

12  belief as to the allegations contained in Paragraph 131, and on that basis, denies them.

13    132.   Defendant lacks sufficient knowledge or information to form a

14  belief as to the allegations contained in Paragraph 132, and on that basis, denies them.

15    133.   Defendant lacks sufficient knowledge or information to form a

16  belief as to the allegations contained in Paragraph 133, and on that basis, denies them.

17    134.   Defendant lacks sufficient knowledge or information to form a

18  belief as to the allegations contained in Paragraph 134, and on that basis, denies them.

19  **EIGHTH CLAIM**

20  **Denial of Full and Equal Access to Public Facilities**

21  **(The Jamba Juice Facility)**

22    135.   Defendant incorporates by reference its responses to Paragraphs 1-

23  134.

24    136.   Paragraph 136 consists of a legal assertion to which Defendant is

25  not required to respond.  To the extent a response is required, Defendant admits that

26  Plaintiff purports to recite a portion of California's Health & Safety Code.

27    137.   Paragraph 137 consists of a legal assertion to which Defendant is

28

16

1    not required to respond.  To the extent a response is required, Defendant admits that

2    Plaintiff purports to recite a portion of California's Health & Safety Code.

3          138.    Defendant lacks sufficient knowledge or information to form a

4    belief as to the allegations contained in Paragraph 138, and on that basis, denies them.

5          139.    Defendant lacks sufficient knowledge or information to form a

6    belief as to the allegations contained in Paragraph 139, and on that basis, denies them.

7    **NINTH CLAIM**

8    **(Americans with Disabilities Act of 1990)**

9    **Denial of Full and Equal Enjoyment and Use**

10    **(The Pizzeria Uno Facility)**

11          140.    In response to Paragraph 140, Defendant incorporates by reference

12    its responses to Paragraphs 1-139.

13          141.    Paragraph 141 consists of a legal assertion to which Defendant is

14    not required to respond.  To the extent a response is required, Defendant admits that

15    Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as

16    a "general rule."

17          142.    Defendant lacks sufficient knowledge or information to form a

18    belief as to the allegations contained in Paragraph 142, and on that basis, denies them.

19          <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

20          143.    Paragraph 143 consists of a legal assertion to which Defendant is

21    not required to respond.  To the extent a response is required, Defendant admits that

22    Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that

23    Plaintiff purports to recite the definition of "readily achievable."

24          144.    Paragraph 144 consists of a legal assertion to which Defendant is

25    not required to respond.  To the extent a response is required, Defendant admits that

26    Plaintiff purports to recite the "readily achievable" standard.

27          145.    Defendant lacks sufficient knowledge or information to form a

28

1   belief as to the allegations contained in Paragraph 145, and on that basis, denies them.

2          146.   Defendant lacks sufficient knowledge or information to form a

3   belief as to the allegations contained in Paragraph 146, and on that basis, denies them.

4                <u>Failure to Design and Construct an Accessible Facility</u>

5          147.   Defendant lacks sufficient knowledge or information to form a

6   belief as to the allegations contained in Paragraph 147, and on that basis, denies them.

7          148.   Paragraph 148 consists of a legal assertion to which Defendant is

8   not required to respond.  To the extent a response is required, Defendant admits that

9   Plaintiff purports to recite prohibitions contained in Title III of the ADA.

10         149.   Defendant lacks sufficient knowledge or information to form a

11  belief as to the allegations contained in Paragraph 149, and on that basis, denies them.

12               <u>Failure to Make an Altered Facility Accessible</u>

13         150.   Defendant lacks sufficient knowledge or information to form a

14  belief as to the allegations contained in Paragraph 150, and on that basis, denies them.

15         151.   Paragraph 151 consists of a legal assertion to which Defendant is

16  not required to respond.  To the extent a response is required, Defendant admits that

17  Plaintiff purports to recite requirements contained in Title III of the ADA.

18         152.   Defendant lacks sufficient knowledge or information to form a

19  belief as to the allegations contained in Paragraph 152, and on that basis, denies them.

20               <u>Failure to Modify Existing Policies and Procedures</u>

21         153.   Paragraph 153 consists of a legal assertion to which Defendant is

22  not required to respond.  To the extent a response is required, Defendant admits that

23  Plaintiff purports to recite prohibitions of Title III of the ADA.

24         154.   Defendant lacks sufficient knowledge or information to form a

25  belief as to the allegations contained in Paragraph 154, and on that basis, denies them.

26         155.   Defendant lacks sufficient knowledge or information to form a

27  belief as to the allegations contained in Paragraph 155, and on that basis, denies them.

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

156.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 156, and on that basis, denies them.

## TENTH CLAIM

### Disabled Persons Act

### (The Pizzeria Uno Facility)

157.   In response to Paragraph 157, Defendant incorporates by reference its responses to Paragraphs 1-156.

158.   Paragraph 158 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

159.   Paragraph 159 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54.1 of the California Civil Code.

160.   Paragraph 160 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California Civil Code.

161.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 161, and on that basis, denies them.

162.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 162, and on that basis, denies them.

163.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 163, and on that basis, denies them.

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

08CV471

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ELEVENTH CLAIM

## Unruh Civil Rights Act

### (The Jamba Juice Area Facility)

164.    Defendant incorporates by reference its responses to Paragraphs 1-163.

165.    Paragraph 165 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

166.    Paragraph 166 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51.5 of the California Civil Code.

167.    Paragraph 167 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite Section 51(f) of the California Civil Code.

168.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 168, and on that basis, denies them.

169.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 169, and on that basis, denies them.

170.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 170, and on that basis, denies them.

171.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 171, and on that basis, denies them.

# TWELFTH CLAIM

## Denial of Full and Equal Access to Public Facilities

### (The Pizzeria Uno Facility)

172.    Defendant incorporates by reference its responses to Paragraphs 1-

20

1 | 171.

2 | 173.   Paragraph 173 consists of a legal assertion to which Defendant is

3 | not required to respond.  To the extent a response is required, Defendant admits that

4 | Plaintiff purports to recite a portion of California's Health & Safety Code.

5 | 174.   Paragraph 174 consists of a legal assertion to which Defendant is

6 | not required to respond.  To the extent a response is required, Defendant admits that

7 | Plaintiff purports to recite a portion of California's Health & Safety Code.

8 | 175.   Defendant lacks sufficient knowledge or information to form a

9 | belief as to the allegations contained in Paragraph 175, and on that basis, denies them.

10 | 176.   Defendant lacks sufficient knowledge or information to form a

11 | belief as to the allegations contained in Paragraph 176, and on that basis, denies them.

12 | **THIRTEENTH CLAIM**

13 | **(Americans with Disabilities Act of 1990)**

14 | **Denial of Full and Equal Enjoyment and Use**

15 | **(The Mervyn's Facility)**

16 | 177.   In response to Paragraph 177, Defendant incorporates by reference

17 | its responses to Paragraphs 1-176.

18 | 178.   Paragraph 178 consists of a legal assertion to which Defendant is

19 | not required to respond.  To the extent a response is required, Defendant admits that

20 | Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as

21 | a "general rule."

22 | 179.   Defendant lacks sufficient knowledge or information to form a

23 | belief as to the allegations contained in Paragraph 179, and on that basis, denies them.

24 | Failure to Remove Architectural Barriers in an Existing Facility

25 | 180.   Paragraph 180 consists of a legal assertion to which Defendant is

26 | not required to respond.  To the extent a response is required, Defendant admits that

27 | Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that

28 |

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

1    Plaintiff purports to recite the definition of "readily achievable."

2            181.   Paragraph 181 consists of a legal assertion to which Defendant is

3    not required to respond.  To the extent a response is required, Defendant admits that

4    Plaintiff purports to recite the "readily achievable" standard.

5            182.   Defendant lacks sufficient knowledge or information to form a

6    belief as to the allegations contained in Paragraph 182, and on that basis, denies them.

7            183.   Defendant lacks sufficient knowledge or information to form a

8    belief as to the allegations contained in Paragraph 183, and on that basis, denies them.

9                    Failure to Design and Construct an Accessible Facility

10           184.   Defendant lacks sufficient knowledge or information to form a

11   belief as to the allegations contained in Paragraph 184, and on that basis, denies them.

12           185.   Paragraph 185 consists of a legal assertion to which Defendant is

13   not required to respond.  To the extent a response is required, Defendant admits that

14   Plaintiff purports to recite prohibitions contained in Title III of the ADA.

15           186.   Defendant lacks sufficient knowledge or information to form a

16   belief as to the allegations contained in Paragraph 186, and on that basis, denies them.

17                    Failure to Make an Altered Facility Accessible

18           187.   Defendant lacks sufficient knowledge or information to form a

19   belief as to the allegations contained in Paragraph 187, and on that basis, denies them.

20           188.   Paragraph 188 consists of a legal assertion to which Defendant is

21   not required to respond.  To the extent a response is required, Defendant admits that

22   Plaintiff purports to recite requirements contained in Title III of the ADA.

23           189.   Defendant lacks sufficient knowledge or information to form a

24   belief as to the allegations contained in Paragraph 189, and on that basis, denies them.

25                    Failure to Modify Existing Policies and Procedures

26           190.   Paragraph 190 consists of a legal assertion to which Defendant is

27   not required to respond.  To the extent a response is required, Defendant admits that

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

08CV471

1  Plaintiff purports to recite prohibitions of Title III of the ADA.

2          191.   Defendant lacks sufficient knowledge or information to form a

3  belief as to the allegations contained in Paragraph 191, and on that basis, denies them.

4          192.   Defendant lacks sufficient knowledge or information to form a

5  belief as to the allegations contained in Paragraph 192, and on that basis, denies them.

6          193.   Defendant lacks sufficient knowledge or information to form a

7  belief as to the allegations contained in Paragraph 193, and on that basis, denies them.

8                        **FOURTEENTH CLAIM**

9                        **Disabled Persons Act**

10                       **(The Mervyn's Facility)**

11         194.   In response to Paragraph 194, Defendant incorporates by reference

12 its responses to Paragraphs 1-193.

13         195.   Paragraph 195 consists of a legal assertion to which Defendant is

14 not required to respond.  To the extent a response is required, Defendant admits that

15 Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

16         196.   Paragraph 196 consists of a legal assertion to which Defendant is

17 not required to respond.  To the extent a response is required, Defendant admits that

18 Plaintiff purports to recite the requirements of Section 54.1 of the California Civil

19 Code.

20         197.   Paragraph 197 consists of a legal assertion to which Defendant is

21 not required to respond.  To the extent a response is required, Defendant admits that

22 Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California

23 Civil Code.

24         198.   Defendant lacks sufficient knowledge or information to form a

25 belief as to the allegations contained in Paragraph 198, and on that basis, denies them.

26         199.   Defendant lacks sufficient knowledge or information to form a

27 belief as to the allegations contained in Paragraph 199, and on that basis, denies them.

28

1      200.    Defendant lacks sufficient knowledge or information to form a

2  belief as to the allegations contained in Paragraph 200, and on that basis, denies them.

3                              **FIFTEENTH CLAIM**

4                             **Unruh Civil Rights Act**

5                             **(The Mervyn's Facility)**

6      201.    Defendant incorporates by reference its responses to Paragraphs 1-

7  200.

8      202.    Paragraph 202 consists of a legal assertion to which Defendant is

9  not required to respond.  To the extent a response is required, Defendant admits that

10 Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

11     203.    Paragraph 203 consists of a legal assertion to which Defendant is

12 not required to respond.  To the extent a response is required, Defendant admits that

13 Plaintiff purports to recite the requirements of Section 51.5 of the California Civil

14 Code.

15     204.    Paragraph 204 consists of a legal assertion to which Defendant is

16 not required to respond.  To the extent a response is required, Defendant admits that

17 Plaintiff purports to recite Section 51(f) of the California Civil Code.

18     205.    Defendant lacks sufficient knowledge or information to form a

19 belief as to the allegations contained in Paragraph 205, and on that basis, denies them.

20     206.    Defendant lacks sufficient knowledge or information to form a

21 belief as to the allegations contained in Paragraph 206, and on that basis, denies them.

22     207.    Defendant lacks sufficient knowledge or information to form a

23 belief as to the allegations contained in Paragraph 207, and on that basis, denies them.

24     208.    Defendant lacks sufficient knowledge or information to form a

25 belief as to the allegations contained in Paragraph 208, and on that basis, denies them.

26

27

28

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

**SIXTEENTH CLAIM**

**Denial of Full and Equal Access to Public Facilities**

**(The Mervyn's Facility)**

209.    Defendant incorporates by reference its responses to Paragraphs 1-208.

210.    Paragraph 210 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

211.    Paragraph 211 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

212.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 212, and on that basis, denies them.

213.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 213, and on that basis, denies them.

**SEVENTEENTH CLAIM**

**(Americans with Disabilities Act of 1990)**

**Denial of Full and Equal Enjoyment and Use**

**(The Starbucks Facility)**

214.    In response to Paragraph 214, Defendant incorporates by reference its responses to Paragraphs 1-213.

215.    Paragraph 215 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as a "general rule."

216.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 216, and on that basis, denies them.

25

1

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2

217.    Paragraph 217 consists of a legal assertion to which Defendant is

3    not required to respond.  To the extent a response is required, Defendant admits that

4    Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that

5    Plaintiff purports to recite the definition of "readily achievable."

6

218.    Paragraph 218 consists of a legal assertion to which Defendant is

7    not required to respond.  To the extent a response is required, Defendant admits that

8    Plaintiff purports to recite the "readily achievable" standard.

9

219.    Defendant lacks sufficient knowledge or information to form a

10    belief as to the allegations contained in Paragraph 219, and on that basis, denies them.

11

220.    Defendant lacks sufficient knowledge or information to form a

12    belief as to the allegations contained in Paragraph 220, and on that basis, denies them.

13

<u>Failure to Design and Construct an Accessible Facility</u>

14

221.    Defendant lacks sufficient knowledge or information to form a

15    belief as to the allegations contained in Paragraph 221, and on that basis, denies them.

16

222.    Paragraph 222 consists of a legal assertion to which Defendant is

17    not required to respond.  To the extent a response is required, Defendant admits that

18    Plaintiff purports to recite prohibitions contained in Title III of the ADA.

19

223.    Defendant lacks sufficient knowledge or information to form a

20    belief as to the allegations contained in Paragraph 223, and on that basis, denies them.

21

<u>Failure to Make an Altered Facility Accessible</u>

22

224.    Defendant lacks sufficient knowledge or information to form a

23    belief as to the allegations contained in Paragraph 224, and on that basis, denies them.

24

225.    Paragraph 225 consists of a legal assertion to which Defendant is

25    not required to respond.  To the extent a response is required, Defendant admits that

26    Plaintiff purports to recite requirements contained in Title III of the ADA.

27

226.    Defendant lacks sufficient knowledge or information to form a

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

08CV471

1  belief as to the allegations contained in Paragraph 226, and on that basis, denies them.

2                          <u>Failure to Modify Existing Policies and Procedures</u>

3        227.    Paragraph 227 consists of a legal assertion to which Defendant is

4  not required to respond.  To the extent a response is required, Defendant admits that

5  Plaintiff purports to recite prohibitions of Title III of the ADA.

6        228.    Defendant lacks sufficient knowledge or information to form a

7  belief as to the allegations contained in Paragraph 228, and on that basis, denies them.

8        229.    Defendant lacks sufficient knowledge or information to form a

9  belief as to the allegations contained in Paragraph 229, and on that basis, denies them.

10       230.    Defendant lacks sufficient knowledge or information to form a

11 belief as to the allegations contained in Paragraph 230, and on that basis, denies them.

12                                 **EIGHTEENTH CLAIM**

13                                 **Disabled Persons Act**

14                                 **(The Starbucks Facility)**

15       231.    In response to Paragraph 231, Defendant incorporates by reference

16 its responses to Paragraphs 1-230.

17       232.    Paragraph 232 consists of a legal assertion to which Defendant is

18 not required to respond.  To the extent a response is required, Defendant admits that

19 Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

20       233.    Paragraph 233 consists of a legal assertion to which Defendant is

21 not required to respond.  To the extent a response is required, Defendant admits that

22 Plaintiff purports to recite the requirements of Section 54.1 of the California Civil

23 Code.

24       234.    Paragraph 234 consists of a legal assertion to which Defendant is

25 not required to respond.  To the extent a response is required, Defendant admits that

26 Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California

27 Civil Code.

28

235.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 235, and on that basis, denies them.

236.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 236, and on that basis, denies them.

237.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 237, and on that basis, denies them.

## NINETEENTH CLAIM

## Unruh Civil Rights Act

## (The Starbucks Facility)

238.    Defendant incorporates by reference its responses to Paragraphs 1-237.

239.    Paragraph 239 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

240.    Paragraph 240 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51.5 of the California Civil Code.

241.    Paragraph 241 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite Section 51(f) of the California Civil Code.

242.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 242, and on that basis, denies them.

243.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 243, and on that basis, denies them.

244.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 244, and on that basis, denies them.

1    245.    Defendant lacks sufficient knowledge or information to form a

2    belief as to the allegations contained in Paragraph 245, and on that basis, denies them.

3    **TWENTIETH CLAIM**

4    **Denial of Full and Equal Access to Public Facilities**

5    **(The Starbucks Facility)**

6    246.    Defendant incorporates by reference its responses to Paragraphs 1-

7    245.

8    247.    Paragraph 247 consists of a legal assertion to which Defendant is

9    not required to respond.  To the extent a response is required, Defendant admits that

10   Plaintiff purports to recite a portion of California's Health & Safety Code.

11   248.    Paragraph 248 consists of a legal assertion to which Defendant is

12   not required to respond.  To the extent a response is required, Defendant admits that

13   Plaintiff purports to recite a portion of California's Health & Safety Code.

14   249.    Defendant lacks sufficient knowledge or information to form a

15   belief as to the allegations contained in Paragraph 249, and on that basis, denies them.

16   250.    Defendant lacks sufficient knowledge or information to form a

17   belief as to the allegations contained in Paragraph 250, and on that basis, denies them.

18   **TWENTY-FIRST CLAIM**

19   **(Americans with Disabilities Act of 1990)**

20   **Denial of Full and Equal Enjoyment and Use**

21   **(The JCPenney Facility)**

22   251.    In response to Paragraph 251, Defendant incorporates by reference

23   its responses to Paragraphs 1-250.

24   252.    Paragraph 252 consists of a legal assertion to which Defendant is

25   not required to respond.  To the extent a response is required, Defendant admits that

26   Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as

27   a "general rule."

28

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

08CV471

253.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 253, and on that basis, denies them.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

254.    Paragraph 254 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that Plaintiff purports to recite the definition of "readily achievable."

255.    Paragraph 255 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the "readily achievable" standard.

256.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 256, and on that basis, denies them.

257.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 257, and on that basis, denies them.

<u>Failure to Design and Construct an Accessible Facility</u>

258.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 258, and on that basis, denies them.

259.    Paragraph 259 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions contained in Title III of the ADA.

260.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 260, and on that basis, denies them.

<u>Failure to Make an Altered Facility Accessible</u>

261.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 261, and on that basis, denies them.

262.    Paragraph 262 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

1  Plaintiff purports to recite requirements contained in Title III of the ADA.

2      263.  Defendant lacks sufficient knowledge or information to form a

3  belief as to the allegations contained in Paragraph 263, and on that basis, denies them.

4                    Failure to Modify Existing Policies and Procedures

5      264.  Paragraph 264 consists of a legal assertion to which Defendant is

6  not required to respond.  To the extent a response is required, Defendant admits that

7  Plaintiff purports to recite prohibitions of Title III of the ADA.

8      265.  Defendant lacks sufficient knowledge or information to form a

9  belief as to the allegations contained in Paragraph 265, and on that basis, denies them.

10     266.  Defendant lacks sufficient knowledge or information to form a

11 belief as to the allegations contained in Paragraph 266, and on that basis, denies them.

12     267.  Defendant lacks sufficient knowledge or information to form a

13 belief as to the allegations contained in Paragraph 267, and on that basis, denies them.

14                           **TWENTY-SECOND CLAIM**

15                             **Disabled Persons Act**

16                          **(The JCPenney Facility)**

17     268.  In response to Paragraph 268, Defendant incorporates by reference

18 its responses to Paragraphs 1-267.

19     269.  Paragraph 269 consists of a legal assertion to which Defendant is

20 not required to respond.  To the extent a response is required, Defendant admits that

21 Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

22     270.  Paragraph 270 consists of a legal assertion to which Defendant is

23 not required to respond.  To the extent a response is required, Defendant admits that

24 Plaintiff purports to recite the requirements of Section 54.1 of the California Civil

25 Code.

26     271.  Paragraph 271 consists of a legal assertion to which Defendant is

27 not required to respond.  To the extent a response is required, Defendant admits that

28

31

1  Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California
2  Civil Code.

3         272.   Defendant lacks sufficient knowledge or information to form a
4  belief as to the allegations contained in Paragraph 272, and on that basis, denies them.

5         273.   Defendant lacks sufficient knowledge or information to form a
6  belief as to the allegations contained in Paragraph 273, and on that basis, denies them.

7         274.   Defendant lacks sufficient knowledge or information to form a
8  belief as to the allegations contained in Paragraph 274, and on that basis, denies them.

9                         **TWENTY-THIRD CLAIM**

10                        **Unruh Civil Rights Act**

11                       **(The JCPenney Facility)**

12         275.   Defendant incorporates by reference its responses to Paragraphs 1-
13  274.

14         276.   Paragraph 276 consists of a legal assertion to which Defendant is
15  not required to respond.  To the extent a response is required, Defendant admits that
16  Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

17         277.   Paragraph 277 consists of a legal assertion to which Defendant is
18  not required to respond.  To the extent a response is required, Defendant admits that
19  Plaintiff purports to recite the requirements of Section 51.5 of the California Civil
20  Code.

21         278.   Paragraph 278 consists of a legal assertion to which Defendant is
22  not required to respond.  To the extent a response is required, Defendant admits that
23  Plaintiff purports to recite Section 51(f) of the California Civil Code.

24         279.   Defendant lacks sufficient knowledge or information to form a
25  belief as to the allegations contained in Paragraph 279, and on that basis, denies them.

26         280.   Defendant lacks sufficient knowledge or information to form a
27  belief as to the allegations contained in Paragraph 280, and on that basis, denies them.

28

281.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 281, and on that basis, denies them.

282.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 282, and on that basis, denies them.

## TWENTY-FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

### (The JCPenney Facility)

283.   Defendant incorporates by reference its responses to Paragraphs 1-282.

284.   Paragraph 284 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

285.   Paragraph 285 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

286.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 286, and on that basis, denies them.

287.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 287, and on that basis, denies them.

## TWENTY-FIFTH CLAIM

### (Americans with Disabilities Act of 1990)

### Denial of Full and Equal Enjoyment and Use

### (The Subway Facility)

288.   In response to Paragraph 288, Defendant incorporates by reference its responses to Paragraphs 1-287.

289.   Paragraph 289 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that

1    Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as

2    a "general rule."

3            290.    Defendant lacks sufficient knowledge or information to form a

4    belief as to the allegations contained in Paragraph 290, and on that basis, denies them.

5                    Failure to Remove Architectural Barriers in an Existing Facility

6            291.    Paragraph 291 consists of a legal assertion to which Defendant is

7    not required to respond.  To the extent a response is required, Defendant admits that

8    Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that

9    Plaintiff purports to recite the definition of "readily achievable."

10           292.    Paragraph 292 consists of a legal assertion to which Defendant is

11   not required to respond.  To the extent a response is required, Defendant admits that

12   Plaintiff purports to recite the "readily achievable" standard.

13           293.    Defendant lacks sufficient knowledge or information to form a

14   belief as to the allegations contained in Paragraph 293, and on that basis, denies them.

15           294.    Defendant lacks sufficient knowledge or information to form a

16   belief as to the allegations contained in Paragraph 294, and on that basis, denies them.

17                   Failure to Design and Construct an Accessible Facility

18           295.    Defendant lacks sufficient knowledge or information to form a

19   belief as to the allegations contained in Paragraph 295, and on that basis, denies them.

20           296.    Paragraph 296 consists of a legal assertion to which Defendant is

21   not required to respond.  To the extent a response is required, Defendant admits that

22   Plaintiff purports to recite prohibitions contained in Title III of the ADA.

23           297.    Defendant lacks sufficient knowledge or information to form a

24   belief as to the allegations contained in Paragraph 297, and on that basis, denies them.

25                   Failure to Make an Altered Facility Accessible

26           298.    Defendant lacks sufficient knowledge or information to form a

27   belief as to the allegations contained in Paragraph 298, and on that basis, denies them.

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

08CV471

299.    Paragraph 299 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite requirements contained in Title III of the ADA.

300.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 300, and on that basis, denies them.

<u>Failure to Modify Existing Policies and Procedures</u>

301.    Paragraph 301 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions of Title III of the ADA.

302.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 302, and on that basis, denies them.

303.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 303, and on that basis, denies them.

304.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 304, and on that basis, denies them.

**TWENTY-SIXTH CLAIM**

**Disabled Persons Act**

**(The Subway Facility)**

305.    In response to Paragraph 305, Defendant incorporates by reference its responses to Paragraphs 1-304.

306.    Paragraph 306 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

307.    Paragraph 307 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54.1 of the California Civil Code.

308.    Paragraph 308 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California Civil Code.

309.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 309, and on that basis, denies them.

310.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 310, and on that basis, denies them.

311.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 311, and on that basis, denies them.

**TWENTY-SEVENTH CLAIM**

**Unruh Civil Rights Act**

**(The Subway Facility)**

312.    Defendant incorporates by reference its responses to Paragraphs 1-311.

313.    Paragraph 313 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

314.    Paragraph 314 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 51.5 of the California Civil Code.

315.    Paragraph 315 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite Section 51(f) of the California Civil Code.

316.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 316, and on that basis, denies them.

317.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 317, and on that basis, denies them.

318.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 318, and on that basis, denies them.

319.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 319, and on that basis, denies them.

## TWENTY-EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

### (The Subway Facility)

320.   Defendant incorporates by reference its responses to Paragraphs 1-319.

321.   Paragraph 321 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

322.   Paragraph 322 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite a portion of California's Health & Safety Code.

323.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 323, and on that basis, denies them.

324.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 324, and on that basis, denies them.

## TWENTY-NINTH CLAIM

### (Americans with Disabilities Act of 1990)

### Denial of Full and Equal Enjoyment and Use

### (The Panera Bread Facility)

325.   In response to Paragraph 325, Defendant incorporates by reference its responses to Paragraphs 1-324.

1    326.   Paragraph 326 consists of a legal assertion to which Defendant is
2    not required to respond.  To the extent a response is required, Defendant admits that
3    Plaintiff purports to recite what the Americans with Disabilities Act ("ADA") holds as
4    a "general rule."

5    327.   Defendant lacks sufficient knowledge or information to form a
6    belief as to the allegations contained in Paragraph 327, and on that basis, denies them.

7    <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

8    328.   Paragraph 328 consists of a legal assertion to which Defendant is
9    not required to respond.  To the extent a response is required, Defendant admits that
10   Plaintiff purports to recite prohibitions contained in Title III of the ADA, and that
11   Plaintiff purports to recite the definition of "readily achievable."

12   329.   Paragraph 329 consists of a legal assertion to which Defendant is
13   not required to respond.  To the extent a response is required, Defendant admits that
14   Plaintiff purports to recite the "readily achievable" standard.

15   330.   Defendant lacks sufficient knowledge or information to form a
16   belief as to the allegations contained in Paragraph 330, and on that basis, denies them.

17   331.   Defendant lacks sufficient knowledge or information to form a
18   belief as to the allegations contained in Paragraph 331, and on that basis, denies them.

19   <u>Failure to Design and Construct an Accessible Facility</u>

20   332.   Defendant lacks sufficient knowledge or information to form a
21   belief as to the allegations contained in Paragraph 332, and on that basis, denies them.

22   333.   Paragraph 333 consists of a legal assertion to which Defendant is
23   not required to respond.  To the extent a response is required, Defendant admits that
24   Plaintiff purports to recite prohibitions contained in Title III of the ADA.

25   334.   Defendant lacks sufficient knowledge or information to form a
26   belief as to the allegations contained in Paragraph 334, and on that basis, denies them.

27
28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

<u>Failure to Make an Altered Facility Accessible</u>

335.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 335, and on that basis, denies them.

336.   Paragraph 336 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite requirements contained in Title III of the ADA.

337.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 337, and on that basis, denies them.

<u>Failure to Modify Existing Policies and Procedures</u>

338.   Paragraph 338 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite prohibitions of Title III of the ADA.

339.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 339, and on that basis, denies them.

340.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 340, and on that basis, denies them.

341.   Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 341, and on that basis, denies them.

**THIRTIETH CLAIM**

**Disabled Persons Act**

**(The Panera Bread Facility)**

342.   In response to Paragraph 342, Defendant incorporates by reference its responses to Paragraphs 1-341.

343.   Paragraph 343 consists of a legal assertion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that Plaintiff purports to recite the requirements of Section 54 of the California Civil Code.

344.   Paragraph 344 consists of a legal assertion to which Defendant is

39

1  not required to respond.  To the extent a response is required, Defendant admits that

2  Plaintiff purports to recite the requirements of Section 54.1 of the California Civil

3  Code.

4         345.   Paragraph 345 consists of a legal assertion to which Defendant is

5  not required to respond.  To the extent a response is required, Defendant admits that

6  Plaintiff purports to recite the requirements of Sections 54 and 54.1 of the California

7  Civil Code.

8         346.   Defendant lacks sufficient knowledge or information to form a

9  belief as to the allegations contained in Paragraph 346, and on that basis, denies them.

10        347.   Defendant lacks sufficient knowledge or information to form a

11  belief as to the allegations contained in Paragraph 347, and on that basis, denies them.

12        348.   Defendant lacks sufficient knowledge or information to form a

13  belief as to the allegations contained in Paragraph 348, and on that basis, denies them.

14                          **THIRTY-FIRST CLAIM**

15                          **Unruh Civil Rights Act**

16                        **(The Panera Bread Facility)**

17        349.   Defendant incorporates by reference its responses to Paragraphs 1-

18  348.

19        350.   Paragraph 350 consists of a legal assertion to which Defendant is

20  not required to respond.  To the extent a response is required, Defendant admits that

21  Plaintiff purports to recite the requirements of Section 51 of the California Civil Code.

22        351.   Paragraph 351 consists of a legal assertion to which Defendant is

23  not required to respond.  To the extent a response is required, Defendant admits that

24  Plaintiff purports to recite the requirements of Section 51.5 of the California Civil

25  Code.

26        352.   Paragraph 352 consists of a legal assertion to which Defendant is

27  not required to respond.  To the extent a response is required, Defendant admits that

28

1   Plaintiff purports to recite Section 51(f) of the California Civil Code.

2          353.   Defendant lacks sufficient knowledge or information to form a

3   belief as to the allegations contained in Paragraph 353, and on that basis, denies them.

4          354.   Defendant lacks sufficient knowledge or information to form a

5   belief as to the allegations contained in Paragraph 354, and on that basis, denies them.

6          355.   Defendant lacks sufficient knowledge or information to form a

7   belief as to the allegations contained in Paragraph 355, and on that basis, denies them.

8          356.   Defendant lacks sufficient knowledge or information to form a

9   belief as to the allegations contained in Paragraph 356, and on that basis, denies them.

10                          **THIRTY-SECOND CLAIM**

11            **Denial of Full and Equal Access to Public Facilities**

12                       **(The Panera Bread Facility)**

13          357.   Defendant incorporates by reference its responses to Paragraphs 1-

14   356.

15          358.   Paragraph 358 consists of a legal assertion to which Defendant is

16   not required to respond.  To the extent a response is required, Defendant admits that

17   Plaintiff purports to recite a portion of California's Health & Safety Code.

18          359.   Paragraph 359 consists of a legal assertion to which Defendant is

19   not required to respond.  To the extent a response is required, Defendant admits that

20   Plaintiff purports to recite a portion of California's Health & Safety Code.

21          360.   Defendant lacks sufficient knowledge or information to form a

22   belief as to the allegations contained in Paragraph 360, and on that basis, denies them.

23          361.   Defendant lacks sufficient knowledge or information to form a

24   belief as to the allegations contained in Paragraph 361, and on that basis, denies them.

25

26

27

28

**PRAYER FOR RELIEF BY PLAINTIFF**

**(Against Chula Vista Center, Inc.)**

Defendant denies the averments in Plaintiff's prayer for relief, and denies that Plaintiff or anyone else is entitled to such relief, or to any relief at all.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant C.V. Center, Inc. asserts the following separate affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged therein, is barred because said claims are preempted by federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged therein, is barred because Defendant has at all times relied in good faith, and acted in conformity with, the implementing standards and guidelines of Title III of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged therein, is barred because the relief Plaintiff requests (a) is not required by law, (b) is

1  unreasonable, (c) is not readily achievable, (d) is structurally infeasible, (e) would
2  impose an undue burden and cause hardship, and/or (f) may jeopardize the health and
3  safety of customers.

### FIFTH AFFIRMATIVE DEFENSE

5      The Complaint, and each purported claim for relief alleged therein, is
6  barred because the relief Plaintiff requests would, if granted, fundamentally alter the
7  area described as the "Chula Vista Center Common Area Facility" and/or the nature of
8  the goods or services provided by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

10     Each purported claim for relief alleged in the Complaint is moot because
11  Defendant is and/or has been in compliance with the laws, statutes, and regulations
12  identified in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

14     The Complaint, and each purported claim for relief alleged therein, is
15  barred because Plaintiff's claims are predicated on unconstitutionally vague and/or
16  overly broad interpretations of regulations, laws or, alternatively, the applicable laws
17  or regulations themselves are unconstitutionally vague and/or overly broad.

### EIGHTH AFFIRMATIVE DEFENSE

19     No act or omission by Defendant was the cause of Plaintiff's damages, if
20  any.  In the alternative, Plaintiff's damages, if any, were caused by the conduct of
21  persons or entities other than Defendant; and Plaintiff's recovery, if any, must be
22  reduced in proportion to the amount of fault attributable to such conduct.

### NINTH AFFIRMATIVE DEFENSE

24     All of Plaintiff's damages, if any, were contributed to or caused by
25  Plaintiff's lack of reasonable care, improper conduct, or negligence.  Therefore,
26  Plaintiff's recovery, if any, must be reduced in proportion to the amount of fault
27  attributable to her actions.

28

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

08CV471

1

**TENTH AFFIRMATIVE DEFENSE**

2   Although Defendant denies that Plaintiff has suffered any damages, if it

3 is determined that Plaintiff has been damaged, then pursuant to Sections 1431.2 *et seq.*

4 of the California Civil Code, Defendant is not liable for any non-economic damages

5 that are not directly proportional to Defendant's percentage of fault, if any.

6

**ELEVENTH AFFIRMATIVE DEFENSE**

7   The Complaint, and each purported claim for relief alleged therein, is

8 barred by the doctrines of laches, consent, waiver, estoppel, and/or unclean hands.

9

**TWELFTH AFFIRMATIVE DEFENSE**

10   The Complaint, and each purported claim for relief alleged therein, is

11 barred because Plaintiff failed to mitigate damages.

12

**THIRTEENTH AFFIRMATIVE DEFENSE**

13   The Complaint, and each purported claim for relief alleged therein, is

14 barred by the doctrines of justification and/or excuse.

15

**FOURTEENTH AFFIRMATIVE DEFENSE**

16   Plaintiff's Complaint fails to state a claim upon which injunctive relief

17 may be granted.

18

**FIFTEENTH AFFIRMATIVE DEFENSE**

19   Plaintiff lacks standing to assert the Complaint, and each and every

20 purported claim for relief alleged therein, as to any alleged disability access violation

21 not actually encountered by her, because Plaintiff cannot show injury in fact as to such

22 alleged violations.

23

**SIXTEENTH AFFIRMATIVE DEFENSE**

24   Plaintiff lacks standing to assert a separate cause of action against

25 Defendant under Health & Safety Code § 19955(a).

26

**SEVENTEENTH AFFIRMATIVE DEFENSE**

27   Plaintiff's Complaint, and each purported claim for relief alleged therein,

28

**ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT**

1  is barred because Defendant fully performed all contractual, statutory, and other duties

2  owed to Plaintiff under applicable law.

3  **EIGHTEENTH AFFIRMATIVE DEFENSE**

4  Plaintiff's Complaint, and each purported claim for relief alleged therein,

5  is barred because, to the extent Plaintiff alleges Defendant has obligations under state

6  or federal law to remove barriers as the area identified as the "Chula Vista Center

7  Common Area Facility," the alleged obligations exceed the scope of the legislated

8  authority.

9  **NINETEENTH AFFIRMATIVE DEFENSE**

10  Plaintiff's Complaint, and each purported claim for relief alleged therein,

11  is barred because local building authorities issued appropriate permits and Certificates

12  of Occupancy for the area identified as the "Chula Vista Center Common Area

13  Facility," and Defendant had a right to rely on the issuance of permits as establishing

14  compliance with all applicable laws, regulations, orders and approvals.

15  **TWENTIETH AFFIRMATIVE DEFENSE**

16  Plaintiff's Complaint, and each purported claim for relief alleged therein,

17  is barred because, to the extent that alterations have not been made to the area

18  identified as the "Chula Vista Center Common Area Facility" that Plaintiff contends

19  should have been made, such changes were not required under applicable law and any

20  requirement to make such changes would impose an undue burden.

21  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

22  Plaintiff's Complaint, and each purported claim for relief alleged therein,

23  is barred because the changes Plaintiff has demanded to the area identified as the

24  "Chula Vista Center Common Area Facility" are not readily achievable, are

25  technically infeasible, are not required, would impose an undue hardship on

26  Defendant, would fundamentally alter the way Defendant does its business, and would

27  create a risk to the health and safety of Plaintiff and others.

28

ANSWER OF DEFENDANT C.V. CENTER, INC. TO PLAINTIFF'S COMPLAINT

08CV471

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Defendant acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all material times based on all relevant facts and circumstances known to it at the time it so acted.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff has had the same access to the area identified as the "Chula Vista Center Common Area Facility" as non-disabled persons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is not a member of the class of individuals protected by the Americans with Disabilities Act or California's disability access statutes.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because the goods and services provided at the area identified as the "Chula Vista Center Common Area Facility" to the public, including Plaintiff, are accessible to and usable by persons with disabilities as required under state and federal law, including without limitation, the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), the Unruh Act (Cal. Civ. Code. §§ 51 *et seq.*), the Blind and Other Physically Disabled Persons Act (Cal. Civ. Code §§ 54 *et seq.*), California Health & Safety Code Part 5.5, and all other disability access statutes, rules, and regulations.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant does not presently know all the facts and circumstances respecting Plaintiff's claims.  Defendant therefore reserves the fight to amend its Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

1

2
## PRAYER FOR RELIEF BY C.V. CENTER, INC.

3
WHEREFORE, Defendant hereby prays for the following relief:

4
1.    That Plaintiff take nothing by reason of the Complaint and that

5
Judgment by rendered in favor of the Defendant;

6
2.    That Defendant be awarded its attorneys' fees and the costs of suit

7
incurred by it in this action;

8
3.    For such other and further relief as the Court deems just and

9
proper.

10

11
Dated:  May 15, 2008              SIDLEY AUSTIN LLP

12

13
                                  By:    /s/ Aimee G. Mackay
14
                                         E-mail:  amackay@sidley.com
                                         Attorney for Defendant
15
                                         C.V. CENTER, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28