Max C. Fischer (SBN 226003)
  mfischer@sidley.com
Aimee G. Mackay (SBN 221690)
  amackay@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Attorneys For Defendant
C.V. CENTER, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>  Plaintiff,<br><br>C.V. CENTER, INC., JAMBA JUICE COMPANY dba JAMBA JUICE #603; CASUAL DINING SERVICES, INC. dba PIZZERIA UNO; MERVYN'S LLC; STARBUCKS CORPORATION dba STARBUCKS COFFEE #6632; J.C. PENNEY COMPANY, INC. dba JCPENNEY #1274; SERLER, INC. dba SUBWAY #31595; MANA DEVELOPMENT GROUP, LLC dba PANERA BREAD, CAFÉ #4284<br><br>  Defendants, | Case No. 08-CV-471-JAH LSP<br><br>Assigned to: The Honorable John A. Houston<br><br>**JOINDER OF DEFENDANT C.V. CENTER, INC. TO MOTION TO DISMISS BY DEFENDANT CASUAL DINING SERVICES, INC.**<br><br>Date:  June 9, 2008<br>Time:  2:30 pm<br>Room:  11<br>Judge:  Hon. John A. Houston |

**JOINDER BY DEFENDANT C.V. CENTER, INC. TO MOTION TO DISMISS
BY CASUAL DINING SERVICES, INC.**

08CV471

**TO THE CLERK OF COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant C.V. Center, Inc. ("C.V. Center") hereby joins in Defendant Casual Dining Services, Inc.'s ("Casual Dining") Motion to Dismiss, filed on May 9, 2008 and set for hearing on June 9, 2008 (Docket No. 17).

C.V. Center, a defendant in this case and owner of the subject property, has standing to join Casual Dining's Motion to Dismiss because Plaintiff Barbara Hubbard ("Hubbard") asserts the same claims for relief, including those under California state law, against C.V. Center as she asserts against Casual Dining and the other defendants in this case. A defendant never waives its challenge on the grounds of subject matter jurisdiction, and may assert such a defense after filing its answer. Fed. R. Civ. Proc. 12(h)(3).

C.V. Center agrees with the arguments set forth by Casual Dining in its Motion to Dismiss. Because Hubbard's California state law claims involve unsettled issues of state law, this Court should decline to exercise its supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c). If the Court grants the Motion to Dismiss, and enters an order of dismissal on Plaintiff's state law claims, such order should also apply to C.V. Center and all other named defendants, as Hubbard asserts the same state law claims against all defendants.

Dated: May 23, 2008          SIDLEY AUSTIN LLP

By: /s/ Aimee G. Mackay
E-mail: amackay@sidley.com
Attorney for Defendant
C.V. CENTER, INC.